JOHN MULLEN, et. al. *v.* MARY KING, Widow, &c.

A judgment discharging a curator from all further responsibility, on the filing and homologation of a final tableau, does not operate his discharge, unless the attorney for absent heirs had been previously cited.

Service of notice of his appointment, upon the attorney, after the filing of the tableau, is not a sufficient service.

The publication of notices in a newspaper is not a citation to the absent heirs.

APPEAL from the District Court of St. Landry, *Dupre,* J. *Swayze & Moore,* for plaintiffs and appellant. *Garland & Lastrapes,* for defendants.

SPOFFORD, J. The plaintiffs, alleging themselves to be the heirs at law of *Henry Bideman,* deceased, sued the defendant as the legal representative of *John Cook,* for an account of the administration of the latter upon the estate of their deceased ancestor.

The defendant excepted to the action on the ground that *John Cook* was released and discharged from all liabilities on account of his administration as curator of *Henry Bideman,* by judgment, on the 7th January, 1854, and that the plaintiffs' right of action should be exercised contradictorily with the counsel for absent heirs, under Article 1193 of the Civil Code.

The District Judge sustained the exception, and dismissed the suit, and the plaintiffs have appealed.

Counsel argue that the cause must turn upon the question whether the judgment rendered by the Clerk of the District Court, discharging *Cook,* on the 7th January, 1854, is binding on the plaintiffs, and that that question can only be solved by deciding whether the evidence in this record shows the counsel of absent heirs to have been duly cited before the homologation of *Cook's* final tableau of distribution.

From a close inspection of the record we have come to the conclusion that there is not sufficient legal evidence of the service of such citation. See § 2, Act of March 18th, 1852, (Sess. Acts, p. 206.)

The utmost that appears is the service of a notice of his appointment as attorney for absent heirs shortly after the final tableau was filed.

He made no appearance in the cause. The publication of notices in a newspaper did not operate as citation to the absent heirs. *Millaudon* v. *Cajus,* 6 L. 225.

We have confined our examination to the only point raised by the exception already filed. The fact of the plaintiffs' heirship, and the sufficiency of the defence of Mrs. *Mary King* upon the merits, are not at present in controversy.

It is, therefore, ordered that the judgment of the District Court be reversed, the exception filed by the defendant overruled, and the cause remanded for further proceedings, according to law, the defendant paying the costs of this appeal.