Klotz vs. Macready and Burke.

## No. 8661.

BERNARD KLOTZ VS. CHARLES MACREADY AND NICHOLAS BURKE,
EXECUTORS.

Grammatical or clerical errors do not vitiate proceedings, if there be no ambiguity or uncertainty.

It is not needful that interlocutory judgments be signed by the Judge, and they may be appealed from when they may cause irreparable injury.

It is in time if the blank of the appeal bond where the amount is to be inserted is filled before the return day and before the appeal is brought up.

The petition of appeal recited the name of the suit and the judgment rendered in it, from which the appeal was taken, and the citation was addressed to the appellee without adding the title "liquidator," which had been conferred on him by the judgment, *held*, the citation was sufficient.

Articles 1138 *et seq.* of the Civil Code, entitling the survivor of a commercial partnership to be appointed liquidator of the partnership by the court where the succession is opened, do not apply to testamentary successions.

Where the executors of the last will of the deceased oppose such appointment on just and reasonable grounds, the court is not justified in making the appointment.

In no case has the surviving partner a right to such appointment where, by the partnership contract, it is provided that such survivor shall have a certain term to wind up the business, and it is shown that during that time, though in possession of all the assets of the partnership, with full powers of administration, he has taken no step towards a liquidation of the concern.

APPEAL from the Civil District Court for the Parish of Orleans.
*Tissot*, J.

---

*A. J. Murphy* and *W. S. Benedict* for Plaintiff and Appellee :

1. The surviving partner is entitled to the appointment of liquidator of the affairs of the late partnership, unless he is shown to be incompetent or dishonest. Story on Partnership, Sec. 344.

2. It is the duty of a liquidator or administrator to dispose, at the earliest practicable moment, of such portions of the property committed to his charge as may be perishable or expensive to keep. C. C. 1162, 1163.

3. When a settlement and liquidation of the affairs of the partnership, and the respective rights of the partners cannot be arrived at, except by a sale of the property of the partnership, it is proper that the court, at the instance of the liquidator, should direct a sale of such property. 3 R. 48; 6 An. 484.

*T. Gilmore & Sons* and *J. Ad. Rozier* for Defendants and Appellants :

1. Where the articles of partnership specify a time for the " winding up " of the business after the death of a partner, the liquidation should be completed within that time.

2. Where the surviving partner has done nothing towards the liquidation within the time allowed by the articles for the "winding up," and has rendered no account to the representatives of the deceased, he should not be heard to urge his claim to the liquidation.

3. Where his administration shows that the debts of the partnership have increased within the time allowed for the " winding up," and that the surviving partner has drawn from the funds of the partnership in cash more than his interest in the partnership, his claim to be liquidator should be rejected.

4. There is no right of survivorship other than as established by Articles 1138–9 of the Civil Code for vacant successions. Where the heirs are present, and capable of accepting, the

surviving partner is not entitled to the exclusive liquidation. C. C. 1143; McKeown vs. McGuire, 15 An. 637.

5. The surviving partner who continues the business with the partnership property stands in the relation of trustee to the heirs of the deceased, and must account for the profits made in the new business. Kent Marg. 64; Parsons on Part. 443; Story on Part. §§ 329, 341, 343, 344; Brown vs. Detastet, Jacob's Eng. Ch. R. 284; Ogden vs, Astor, 4 Sandf. 311.

6. Where the surviving partner has been appointed liquidator, he is bound to dispose of the partnership property for the common benefit "in the ordinary course of trade," and cannot sell it at public auction without notice to the representatives of the deceased. C. C. 1138.

7. The real estate belongs to the partners, not as partnership property, but *pro indiviso*. C. C. Art. 2880, § 4; Hennen's Digest, p. 1089, No. 3.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. There are four grounds of the motion to dismiss:

1. That in the petition of appeal complaint is made of three judgments rendered in the case, while the prayer is for an appeal from " said judgment," without specifying which one of the three is meant.

The appellants did not specify which one was meant, because they meant all. The petition of appeal really sets out in substance the three judgments in detail, and their several dates are given. The omission of the letter *s* is clerical, or at most a grammatical error. *Mala grammatica non vitiat chartam* is a very useful maxim.

2. That one of these judgments, appointing the plaintiff liquidator, was not signed by the Judge.

The suit is for the settlement of a partnership. The order appointing Klotz liquidator is interlocutory. That is the first of the three judgments complained of. The other two were rendered afterwards in the course of the proceedings. That judgment evidently was not the final one, and did not require the Judge's signature. Code Prac. Art. 566.

3. That the blank in the appeal bond for its amount was not filled when it was filed, nor until after it had been copied in the transcript.

The bond was annexed to the petition for appeal, ready for the blank to be filled when the Judge should fix the sum. It was filled before the return day, in the presence of the clerk, and with the assent of the surety. It appears in the transcript complete. The blank was filled in time. Had it not been filled until after the appeal was lodged here, it might have been too late. Percy vs. Millaudon, 6 La. 586.

4. That the order of sale (one of the judgments appealed from) was made at the instance of Klotz as liquidator, and he has not been made a party to the appeal in that capacity.

Klotz was cited to answer the petition of appeal, and that petition

recited that the defendants were aggrieved by the three judgments rendered in the suit, giving the name and number of it, and particularizing the judgments. The petition and the citation were served together. It is impossible to be in doubt as to what he was to answer. His suit is in his individual capacity. The judgment that makes him liquidator is one of those contested.

The motion is refused.

## ON THE MERITS.

TODD, J. There are two transcripts in this case, which bring up appeals from four orders or interlocutory judgments. These are:

1. Order appointing plaintiff liquidator of the late partnership of Margaret Haughery & Co.

2. Order rendered on petition of liquidator, directing a sale of the merchandise and other movable property of partnership.

3. Order dismissing rule taken by defendants to set aside order of sale.

4. Order rendered on petition of liquidator for sale of immovables, machinery, fixtures, and debts due the firm.

The facts pertinent to the controversy are substantially and briefly these:

On the 29th of June, 1878, a partnership was entered into between Margaret Haughery and Bernard Klotz, the plaintiff, to carry on a bakery business in this City. The partnership was to continue for a period of ten years from the 1st of July, 1878, unless sooner dissolved.

It was provided in the articles thereof, quoting, that " in case of the death of either partner prior to the date last mentioned, it was agreed that the business should be conducted by the survivor for his or her benefit, and for that of the legal representatives of such deceased partner, for a period of six months from such decease, so as to wind up the concern without any detriment thereto; and thereafter, the survivor should make and render a true, just and final account of all things relating to the business, and a true adjustment and division of the stock and profits thereof."

Margaret died on the 9th of February, 1882, and the six months stipulated in the contract, as above set forth, expired on the 9th of August same year, during which time the plaintiff and surviving partner continued in charge of the business; and at the end of that time the defendants, as executors of the last will of deceased, demanded an account as provided in the partnership articles, when this suit was brought by plaintiff to procure his appointment as liquidator, and for a settlement of the partnership affairs.

The defendants, by exception and answer, opposed the appointment of plaintiff as liquidator, denying his legal right to such appointment, alleging that the partnership contract provided six months for such liquidation, which term had expired and had not been employed for that purpose by the plaintiff, but instead thereof, had been used by him to conduct the business, not towards a liquidation, but as if the partnership had not terminated by the death of Margaret; and charging acts of maladministration in the partnership affairs on the part of plaintiff, both before and after her death, which it is unnecessary here to recite specifically.

Article 1138 et seq., C. C., with reference to the appointment of liquidators, where a member of a commercial partnership dies, we find in the chapter of the Code, relating to the administration of vacant and intestate successions, and from a perusal of these Articles it is very evident that they have no reference to testamentary successions. Thus, we find that it is provided by Article 1133, that the surviving partner "shall have a right to require that this portion (portion of deceased) shall remain with his own to be disposed of for the common profit in the ordinary course of trade." Yet the next Article substantially declares that such right is granted on the condition that the succession of the deceased partner is vacant, or all his heirs are absent and not represented.

And Article 1143, as if to make more clear the intent of the law, provides expressly that this right will not be granted if any one of the heirs of the deceased is present and opposes it, and accepts the succession purely and simply.

In the case of McKowen vs. McGuire, 15 An. 637, where the executor of a deceased partner in a commercial business opposed the appointment of the survivor as liquidator of the partnership, it was held "that the right of a surviving partner under Articles 1131, 1132 and 1136, C. C., (now 1138, 1139 and 1140,) to administer the partnership effects and dispose of the same in the ordinary course of trade, is not an absolute right, but depends on the consent of the heir, present or represented in the State, capable of accepting the succession purely and simply."

In fact, this view of the law on this point seems to be concurred in by the counsel for the plaintiff, for they say in their brief, that " plaintiff's claim to be appointed liquidator of the partnership of Margaret Haughery & Co. is not based upon an express provision of our law ;" but they urge his appointment substantially on the ground that the interest he has in the settlement and liquidation of the affairs of the partnership entitles him to it.

This is a question, which, in our view, is not to be determined by

considerations of expediency, but by the positive provisions of the law and the jurisprudence relating thereto.

Here we find in a testamentary succession a surviving partner of a commercial partnership, claiming to be appointed liquidator thereof, and his application opposed by the executor of the estate of the deceased partner; under this state of facts, where is the authority for his appointment? We are pointed to none; on the contrary, the law cited in opposition thereto, and its construction warranting such opposition, is virtually acquiesced in by counsel urging the claim. In the absence of such authority and in the face of the opposition thereto, and the law favoring such opposition, we can find no warrant for the appointment in question.

Independent of the Articles of the Code on the subject, there is another consideration that leads us to the same conclusion. It is the contract of partnership itself, which became a law unto the parties thereto. We have given an extract from that contract, from which it will be seen, that provision was made therein for the liquidation of the concern by the surviving partner and the term fixed for such liquidation; for we so construe the clause above quoted, though such construction is opposed to that given by the Judge, who, in his written opinion, construes it to mean that the business, for six months after the death of one of the partners, was to be continued in the same manner as if no such death had occurred. The language of the contract evidently points to a liquidation by the survivor within the time therein prescribed. What else can reasonably be inferred from the expressions, "that the business should be conducted    *    *    *    for a period of six months from such decease, *so as to wind up the concern without any detriment thereto*," and that the survivor "*should make and render a true, just and* FINAL *account of all things relating to the business, and a true adjustment and division of the stock and profits thereof?*"

Under that contract the plaintiff had six months to "wind up" the concern. That time expired and no liquidation had been effected, and so far as the evidence discloses, no effort had been made by him within the prescribed time in that direction or to that end. The plaintiff presents, therefore, no legal or equitable right to enter upon another term of liquidation under an appointment of the court, in the face of the opposition thereto by the executors, an opposition not captious, but supported by good and sufficient reasons; and plaintiff's appointment as liquidator, under the facts and circumstances shown by the record, was not justified and must be set aside.

It follows, as a corollary from this conclusion, that not having been legally appointed liquidator of the partnership affairs and totally with-

out legal authority to act as such, the efforts of the plaintiff to sell out the property of the partnership, if authorized under any circumstances, were unwarranted in this instance, and the rulings or orders of the Judge *a quo*, sustaining such pretensions, were erroneous.

It is, therefore, ordered, adjudged and decreed that the several orders or interlocutory decrees appealed from be annulled, avoided and reversed, and the applications for the same be rejected, and that plaintiff and appellee pay the costs of this appeal.

Rehearing refused.