BLANCHARD, J.
Judged by the prayer of his petition, plaintiff’s suit is one to set aside and annul letters of administration which issued to defendant, Louis Delcambre. purporting to show that he had been appointed administrator of the Succession of his de *1091 ceased wife, Mrs. Adelaide Landry Delcambre.
The contention is that there was no order appointing Delcambre administrator, and that, therefore, there was no authority for the Olerk of the Court, or his deputy, to issue the letters aforesaid.
On the supposition that the setting asittc and annulling of the letters of administration would leave the application of Louis Delcambre for appointment as administrator still pending, plaintiff opposes his appointment, prays rejection of the same, and asks to be appointed administrator himself.
The petition avers that Mrs. Adelaide Landry Delcambre, grandmother of the plaintiff, died in 1891 intestate, leaving a large estate, consisting of real and personal property and credits, the greater part of which pertained to the community of acquets and gains which had existed between herself and her surviving .husband, Louis Delcambre; that she left children, issue of her marriage with Louis Delcambre, and grandchildren, issue of the marriage of her predeceased daughter, Evina Delcambre, with Luzin Migues; that plaintiff is one of the latter— that is to say, he is the son of the said Evina and Luzin Migues; and that he is now of the full age of majority and wishes to accept the succession of his grandmother with benefit of inventory.
Besides the averments relating to the alleged unauthorized appointment of Louis Delcambre as administrator, the petition goes on to recite divers and sundry charges against him in connection with the estate of his deceased wife, which it- is not necessary to describe or notice in view of the issue which the ease, in its present form, presents for determination.
Defendant interposed as an exception the plea of res judieata. The averments, upon which the plea rests, are that Louis Delcambre, acting in his capacity as administrator of his deceased wife’s succession, filed an account of his gestión in April, 1894, in which account his capacity as administrator was specially set forth; that the account recited the facts relating to the taking of inventories of the property of the succession and of the sale of property belonging to it; that a projet of distribution of proceeds of property sold, and of property remaining unsold, among creditors and heirs, formed part of the account; that to these proceedings the plaintiff in the present suit, being then of full age, was a party; and that there was final judgment homologating the account in all particulars.
The contention is that this judgment es-tops plaintiff from now disputing the regularity of the appointment of the -accountant as administrator.
When the exception came on for trial, defendant (exceptor) offered in evidence (1) the account- filed by Louis Delcambre as administrator of the succession of Adelaide Landry Delcambre; (2) the petition of the administrator accompanying the account, together with the order of court written at the foot of the petition; (3) the judgment of the court homologating the account.
The order of the judge endorsed on the petition accompanying the account directed Luzin Migues to be appointed tutor ad hoe to his minor children, who wrere among the heirs of the succession, and directed notice to issue to all the heirs of the deceased, Mrs. Adelaide Landry Delcambre, as required by law. This is presumed to have meant notice of the filing of the account.
But neither the service of any such notice, nor .of citation, upon any of the heirs, nor even of publication of notice of the filing of the account, was shown on the trial of the exception. Nor was it shown that the plaintiff herein, nor any of his coheirs, made any appearance in the proceedings leading up to the homologation of the account.
There was judgment maintaining the exception and dismissing plaintiff’s suit.
1-Ie appeals.
Ruling — The sole issue before the Court is the correctness vel non of this ruling sustaining the plea of res judieata.
The judgment interposed as constituting the thing adjudged does not conclude the plaintiff for the reason that he is not shown to have been made a party to the proceedings leading up to it.
He was of full age at the time the account was filed and the law required him to be cited. Unless he were cited the judgment of homologation, as between him and the administrator, does not conclude him, and, hence, it (the judgment) cannot serve as the basis of the plea of res judieata.
*1093 Under the circumstances of this case, the comparatively recent date of the judgment, the existence of the succession record, the parties all being still alive, etc., the presumption omnia rite aeta prcesumuntur cannot be invoked to supply lack oí proof of citation or notice to the heirs.
The case of Gentile, Administrator, v. Foley, 3 La. Ann. 146, cited contra by the appellee, goes only to the extent of holding that “after twenty years, there is a presumption in favor of every judicial tribunal, acting within its jurisdiction, that all persons concerned had due notice of its proceedings.”
Here, not the half of twenty years had elapsed and there was no reason why, if citation had issued, it could not have been shown. The law contemplates a record being kept of the issuance of citation and its service. It is required that after service of a certified copy upon the party to whom addressed, the original, with the return of service, be deposited in the court’s archives (Gode Prac. art. 204), and the proper and usual place for it is in the record of the suit, or, in this ease, of the succession.
The account filed by the administrator, the judgment of homologation of which is invoked as constituting res judicata, does not purport to be a final account, nor as one settling the succession, nor winding up its affairs definitely. There was no prayer for discharge of the administrator, and the judgment did not discharge him.
Indeed, the petition accompanying the account asked for permission to pay the debts set forth (thereby conceding they were still unpaid) and the judgment of homologation ordered the same done.
All of which shows that the succession of Mrs. Adelaide Landry Delcainbre remains unsettled and still under administration in the Parish of Iberia.
Without citation upon the plaintiff, in the proceedings leading up to the judgment of homologation, the jurisdiction of the court did not attach as to him, and no judicial estoppel results from the judgment, quoad himself and the administrator.
In Durham v. Williams, 32 La. Ann. 972, where, in a matter somewhat similar to this, the plea of res judicata was invoked, the Court held that the party interposing the plea must establish the fact of citation, saying:—
“We do not find in the record that the heirs and children were directly notified of the rendition of the account. The only evidence to show notice was newspaper advertisement. A citation was necessary to fasten upon the heirs the consequences of the homologation of the account.”
In the case at bar not even notice by newspaper publication is shown.
The doctrine stated in the Durham Case, supra, is sustained by an unbroken line of authorities. Among them are Mullen v. King, 10 La. Ann. 674; Truxillo v. Truxillo, 11 La. Ann. 412; Landry v. Landry, 105 La. 363, 368, 29 South. 900; Carter v. McManus, 15 La. Ann. 676.
The case of Succession of Conrad, 45 La. Ann. 89, 11 South. 935, cited contra, is not applicable. In that case res judicata was pleaded to an opposition filed after the administrator’s account to the creditors had been homologated upon notice given by advertisement. Tlie Court there clearly drew the distinction between accounts rendered to creditors and tableaux of distribution among heirs, and heid that an account duly homologated, after due publication of notice of its filing, is conclusive on everybody in respect to the amount and validity of the creditors’ claims acknowledged upon the account. That the ruling was to go no further than this plainly appears on page 94, 45 La. Ann., page 937, 11 South., where the learned organ of the Court (Mr. Justice Watkins) said:—
“When an executor or administrator files a final account purporting a settlement with the heirs of the estate and a distribution among them of the net assets of the succession which remain in his hands after debts are paid, personal notice of the filing'thereof must be given to the heirs — otherwise a judgment homologating it would be of no avail.”
Appellant’s counsel urge, further, that the plea oí res judicata interposed does not apply for the reason that (since the authority of the thing adjudged takes place only with respect to what was the object of the judgment) the thing demanded must be the same, the demand must be founded on the same cause of action, it must be between the same parties, and formed by them against each other in the same quality, and that these essentials, or some of them, are lacking in the instant case.
Holding that the want of citation to the *1095 heir, as hereinbefore discussed, is fatal to the plea, we do not deem it necessary to go into an examination of the question secondly presented by the appellant, and, therefore, reserve opinion upon the same.
For the reasons given, it is ordered and decreed that the judgment appealed from be reversed and annulled, that the exception of res judicata filed by defendant in the court below be overruled, that the cause be reinstated on the docket of the court a qua and that it be proceeded with according to law — costs of both courts in this behalf expended to be borne by defendants and appellees.