We are constrained, in our view of the law and jurisprudence, to affirm the verdict and sentence and judgment.

For these reasons, the judgment appealed from is affirmed.

_____

(36 South. 888.)

No. 15,146.

MIGUEZ v. DELCAMBRE et al.

(June 20, 1904.)

LETTERS OF ADMINISTRATION—VALIDITY.

1. Letters of administration issued without the authority of an order of court are null and void.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; T. Don Foster, Judge.

Action by Dominique Miguez against Louis Delcambre and others. Judgment for defendants, and plaintiff appeals. Reversed.

Weeks & Weeks and J. Sully Martel, for appellant. Burke & Burke, for appellees.

LAND, J. This case was before us in 1903 on an appeal by plaintiff from a judgment sustaining a plea of res judicata filed by defendants. See 109 La. 1090, 34 South. 99.

We reversed the judgment, and decreed—

"That the exception of res judicata filed by defendant in the court below be overruled, that the cause be reinstated on the docket of the court a qua, and that it be proceeded with according to law."

The issues presented by plaintiff's petition are set forth in the opinion in that case, and need not be repeated.

Although many collateral matters are alleged in the petition, its object is to have the appointment of Louis Delcambre declared null and void because there was no order of court appointing him as administrator, although letters of administration issued to him as such.

There can be no valid appointment of an administrator unless such an appointment is made under the authority of an order of court.

Letters issued in the absence of such an order are null and void. Wirt v. Pintard, 40 La. Ann. 233, 4 South. 14; Succession of Picard, 33 La. Ann. 1136; Lawson, Curator, v. Mosely, 6 La. Ann. 700.

The letters furnish prima facie proof of the existence of the order of appointment, but this presumption, in the instant case, is destroyed by the evidence adduced on the trial below.

The mortuary proceedings show an order for an inventory, but no order for the publication of the application of Louis Delcambre, and no evidence of publication of said application, which were essential prerequisites for an order of appointment.

There is no order of appointment on file or recorded in the judicial record book, as required by law. The clerk's fee book shows no charge for any order of appointment. The minute clerk who kept said book testified that he had no recollection of any such order. The testimony of the judge and clerk are to the same effect. The attorney for the administrator did not testify in the case.

The letters were null and void. We have held that the judgment homologating the provisional account of the administrator was not res judicata against plaintiff as to said appointment for want of evidence to show that he was cited.

Defendant, when the case was remanded, renewed his plea of the thing adjudged, and attempted to prove that plaintiff was cited to show cause why the account should not be homologated.

We must decline to consider this issue, which was determined against defendant on the former appeal. He had his day in court.

The defense on the merits is that plaintiff

acquiesced in the administration and in the sale of the property, and therefore is estopped to deny the regularity of defendant's appointment.

The evidence shows that plaintiff before the alleged sale expressed the wish that some member of the family should purchase the home place; that he attended the sale, and bid on some of the live stock; and that after the sale some furniture was divided by mutual consent among the heirs, and the plaintiff received his share, of the value of two or three dollars.

The succession record shows that the administrator, having in his hands mortgage notes exceeding largely in amount all the community debts, did not inventory the same, but obtained an order to sell all the real estate and movables of the community to pay debts. The sale was ordered and duly advertised, and the real estate was adjudicated to Desiré Delcambre, a son of the administrator. The adjudicatee did not pay the price, being unable to raise the money, and so informed his father, the administrator, who thereupon made arrangement with Gougenheim to borrow $4,500 on the property.

The real estate was transferred to the pretended purchaser, and through him to Gougenheim, and by the latter conveyed to Louis Delcambre, the object being to secure the loan of money. The property remained in the name of Louis Delcambre for several years, and was by him transferred to Desiré Delcambre not long before the institution of this suit. It is obvious that there was no probate sale of the real estate. The transaction was a borrowing of money by the surviving husband, and a mortgage of the real estate of the community to secure the loan.

It may be that plaintiff is estopped to deny the sale of any property that was really sold to third persons by order of court. But plaintiff cannot be equitably estopped to deny the nullity of defendant's appointment when he was ignorant of the facts which rendered such appointment null and void, and has done no act to induce the defendant to alter his position. How far the acts of the administrator de facto may be valid as to the heirs and third persons need not be considered at this time.

We find no evidence that Louis Delcambre's application for administration was advertised as required by law, and, in the absence of such essential notice, we cannot at present appoint an administrator of the succession.

Some of the heirs are minors, and an administration is necessary not only for the payment of debts, but for the purpose of a settlement of accounts with the surviving husband, and of inquiring into the validity of the alleged succession sale. We may, however, observe that the beneficiary heir is entitled to preference over the surviving husband, and that the heir in adverse possession of the real estate belonging to the community should not be appointed by preference over plaintiff or any other coheir.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that the letters of administration issued to Louis Delcambre as administrator of the succession of Mrs. Adelaide Landry be declared null and void, and that the same be canceled; and it is further ordered that plaintiff's application for administration be advertised, and that an estimative inventory of all the property, rights, and credits belonging to said succession be made according to law, and that in due course an administrator be appointed; defendants to pay costs in both courts.

On Application for Rehearing.

(June 29, 1904.)

PER 'CURIAM. The court had no intention of passing on the validity of the probate sale of the real estate belonging to the suc-

cession of Mrs. Adelaide Landry, and has corrected the verbiage of the opinion so as to exclude the remarks complained of.

Finding no error in our decree the application for a rehearing is refused.