(38 South. 820.)

No. 15,543.

MIGUEZ v. DELCAMBRE et al.[*]

(May 22, 1905.)

APPEAL—FINAL ORDER—APPOINTMENT OF ADMINISTRATOR—PROCEDURE.

Motion to Dismiss.

1. Where an opposition to the appointment of a certain person as administrator on the grounds, first, that there was no necessity for an administration, and, second, that the opponent was entitled to the appointment by preference, was filed, and "disallowed" or dismissed, *held*, that opponent had the right to appeal from the order, which was final as to his demands.

On the Merits.

2. Such an opposition should be tried with the original application for administration, and all the issues involved determined by one judgment.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by Dominique Miguez against Louis Delcambre and others. Judgment for plaintiff, and defendants appeal. Reversed.

Burke & Burke, for appellants. Weeks & Weeks and J. Sully Martel, for appellee.

LAND, J. This is a sequel to the suit of Miguez v. Delcambre et al., 113 La. 61, 36 South. 888, in which, inter alia, it was "ordered that plaintiff's application for administration be advertised, and that an esti-

---

[*]Rehearing denied June 19, 1905.

mative inventory of all the property, rights, and credits belonging to said succession be made according to law, and that in due course an administrator be appointed"; referring to the succession of Mrs. Adelaide Landry, wife of Louis Delcambre, whose letters of administration were declared null and void by the same decree.

An inventory was ordered and made pursuant to the decree of this court.

Laodice Delcambre filed an opposition claiming the appointment of administrator by preference over plaintiff, and alleging that the inventory was defective, erroneous, and contrary to law, and therefore should be set aside and annulled.

Louis Delcambre filed an opposition to the appointment of plaintiff on the ground that there was no longer any need of any administration of the succession of Mrs. Adelaide Landry, that all the debts of the estate had been paid, that he was the sole creditor, that he was in possession of the community property as surviving husband and usufructuary, and that he was ready and willing to liquidate and settle the small amount due the heirs from the separate estate of his deceased wife.

Opponent further alleged that the heirs were all of age, that an administration would produce useless expenses, and that the affairs of the succession could be settled by means of a petition which he had offered and still offered to his children. Opponent prayed to be recognized as usufructuary in possession of half of the property belonging to the heirs of Adelaide Landry, subject to their legal rights of partition and settlement, that the demand of plaintiff be rejected, and that, if any administration be necessary, the same be granted to Desire Delcambre. The proposition for a partition and settlement made by Louis Delcambre, and concurred in by Desire Delcambre and Laodice Delcambre, was made a part of the opposition.

Desire Delcambre also filed an opposition similar to the one filed by Louis Delcambre, and in the alternative prayed to be appointed administrator.

Laodice Delcambre withdrew his counter application for appointment, and opposed any further administration on the same grounds urged by the other opponents, and in the alternative prayed for the appointment of Desire Delcambre.

These three oppositions were placed on the exception docket, and, as recited in the minutes, "were taken up, argued, submitted, and taken under advisement upon the question of their admissibility and allowance."

On January 10, 1905, the following entries were made on the minutes:

"Oppositions of Louis Delcambre, Desire Delcambre, and Laodice Delcambre, filed on January 4, 1905, were disallowed: Written reasons filed." "By consent, fixing of the case on the merits was set aside."

In the unsigned reasons for the ruling disallowing the oppositions, the district judge stated that plaintiff was entitled to the administration, the necessity of which had been decreed by the Supreme Court, and further said as follows:

"The opposition to said demand and application of Dominique Miguez to be appointed as administrator are hereby rejected and denied, and he is hereby decreed entitled to said appointment."

These reasons were filed on January 10, 1905, the same day the minute entries were made.

No order appointing an administrator was entered on the minutes or signed.

#### Motion to Dismiss.

As the oppositions were "disallowed" or dismissed, it follows that both of the alternative demands of opponents were out of court, and that they had no remedy except by appeal. The interlocutory order was entered on the minutes, and it was not necessary that it should be signed. Klotz v. Macready, 35 La. Ann. 596.

The motion to dismiss is therefore overruled.

## On the Merits.

The record does not inform us why the three oppositions were "disallowed." The opponents were invited to show cause why the applicant should not be appointed administrator, and they had the legal right to oppose the application and champion the appointment of another person. The application and the oppositions thereto should have been tried at the same time, and disposed of by one judgment. The case should not have been tried by piecemeal.

It is therefore ordered that the judgment appealed from be reversed, and that this cause be remanded for further proceedings according to law; appellee to pay costs of appeal.