(68 South. 414)

No. 20125.

LANDRY et al. v. MIGUES.

(April 12, 1915. Rehearing Denied May 10, 1915.)

*(Syllabus by Editorial Staff.)*

EXECUTORS AND ADMINISTRATORS ⬤⟼31—SUCCESSION—ACCOUNTING—SALE.

Where a succession owed the expenses of litigation incident to the appointment of an administrator and to two suits in nullity, consisting of court costs and attorney's fees exceeding $2,000, payable out of the administration, and the administrator had no other duty than to turn over the assets to the heirs, the administration would be terminated by the filing of an account and the sale of sufficient property to pay the debts, with leave to the heirs to avoid the necessity of sale by coming forward and paying the debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 186–190; Dec. Dig. ⬤⟼31.]

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

In the matter of the succession of Adelaide Landry, deceased, wife of Louis Delcambre, on petition by Louis Delcambre and others against Dominique Migues, administrator. From an order terminating the administration on conditions, the administrator appeals. Affirmed.

Burke & Smith, of New Iberia, for appellant. Weeks & Weeks, of New Iberia, for appellees.

PROVOSTY, J. The application of Dominique Migues to be appointed administrator of the succession of Adelaide Landry gave rise to a protracted litigation which came four times before this court (Migues v. Delcambre, 109 La. 1090, 34 South. 99; Id., 113 La. 61, 36 South. 888; Id., 114 La. 1032, 38 South. 820; Id., 118 La. 1062, 43 South. 703), and resulted in the appointment being made. One of the main reasons for the application being sustained was that there appeared to be good ground to bring a suit to annul a sale that had been made of some real estate of the succession under a previous administration, and another suit to annul a sale made during the life of the decedent. The main ground of resistance was that the succession had been fully administered, owed no debts, and that nothing remained to be done in it than to turn the property over to the heirs. One of the said two suits in nullity resulted adversely to the succession. Id., 125 La. 176, 51 South. 108. The other, favorably. Id., 128 La. 333, 54 South. 870. One of the defenses in the former of these suits was that the succession owed no debts, and that therefore the administrator was not representing creditors, but only, in reality, the heirs; and that, as administrator, he was without capacity to do so. The court so found and incidentally, at page 188 of 125 La., at page 112 of 51 South., said:

"We are * * * of opinion that he has now no other function to discharge than to turn over the assets of the estate, * * * to the heirs."

And to that effect is the prayer of the present suit, which is brought by Louis Delcambre, surviving husband of the de cujus, Adelaide Landry, and usufructuary of her interest in the community property, and by two of the heirs. The defense is that there are debts. Other issues were raised but have been eliminated by the death of Louis Delcambre.

The succession owes the expenses of the litigation incident to the appointment of an administrator and to the two suits in nullity, and to the present suit—consisting in court costs and lawyers' fees. There can be, and we do not understand that there is, a denial of this. These expenses are heavy, largely exceeding $2,000, and, of course, must be paid in due course of administration; unless the heirs come forward and pay them.

The learned trial judge ordered the administration to be terminated by the filing of an account and the sale of sufficient property to pay the debts, with leave, however, to the

heirs to avoid the necessity of a sale by coming forward and paying the debts.

Judgment affirmed; plaintiffs to pay the costs of this appeal.