No. ——

First Circuit

---

**VIDRINE   v.   EVANGELINE   GRAVEL COMPANY, INC.**

---

(June 5, 1926, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Marriage—Par. 25, 33.**

In view of Articles 642 and 3556 No. 12 of the Civil Code a man's wife is a member of his family.

2. **Louisiana Digest—Master and Servant —Par. 39, 50, 66.**

The obligation of the employer to protect his servant against unusual risks and danger incident to the servant's duty extends to the premises of the employee and requires that they be kept in a condition not to menace life and limb of the servant or his family.

3. **Louisiana Digest—Negligence—Par. 1.**

Ignorant negligence is equivalent to guilty knowledge.

4. **Louisiana Digest—Master and Servant —Par. 50.**

Revolving cog-wheels should be encased, when employees are forced to work near them.

Appeal from the Thirteenth Judicial District, Parish of Evangeline, Hon. B. H. Pavy, Judge.

Action by Mrs. Belle Henry Vidrine against Evangeline Gravel Company, Inc. There was judgment dismissing the suit on exception no cause of action filed by defendant. Plaintiff appealed.

Judgment reversed and case remanded for further proceedings as the law provides.

J. H. Dore, of Ville Platte and J. W. Lewis, of Opelousas, attorneys for plaintiff, appellant.

Hawthorne and Stafford, of Alexandria, attorneys for defendant, appellee.

ELLIOTT, J.   Suit by an employee's wife against his employer, on account of personal injuries received by her.

Mrs. Belle Henry Vidrine, wife of Pierre Vidrine, acting for herself and in her own right under the law, C. C., Art. 2334 (Amd. 1920, No. 186) and Art. 2402 (Amd. 1902, No. 68), brought suit against Evangeline Gravel Co., Inc., on account of personal injuries received by her and which she alleges was due to the fault and neglect of defendant. The defendant excepted to her action on the ground that her petition did not set forth a cause of action. The exception was sustained and the suit dismissed. The plaintiff appealed.

It appears from plaintiff's petition that defendant operates a gravel pit by means of electric power and that her husband is one of its employees doing general utility work on defendant's dredge boat. That her husband occupied with her and her children, at defendant's request and

suggestion, a tenant house on its premises, erected for the use of its laborers and workmen engaged in its work. That defendant agreed and was under obligation to provide water for its laborers and their families, petitioner and her family being among the number. That the tanks and cisterns which defendant had provided for that purpose became dry, upon which defendant installed a pump in a deep well on its premises for the purpose of furnishing them water, the well thus becoming the sole source of water supply for petitioner and her family. That the water was pumped from the well by electric power and it was necessary for those needing water to turn on the electric current and start the pump.

In order to reach the switch, which was inside a house of some kind, it was necessary to pass two cog-wheels, which worked the pump and the gearing of which was open and unprotected. That when the current was turned on and the pump started, it was then necessary to go outside the pump house in order to reach the water and in going out it was necessary to pass by the cog-wheels which were then revolving.

After the supply of water had been obtained, it was necessary to stop the pump and to do so it was necessary to go back into the pumphouse, pass the revolving cog-wheels in order to reach the switch. That the men employed by defendant were constantly at work, consequently their wives and children were forced to pump from the well the water necessary for their household purposes, pursuing the course stated. That defendant's employees made frequent complaint of the danger and defendant knew of the danger, but took no steps to remove it, permitting and encouraging petitioner and the wives of the other employees to obtain water in the way

stated, else do without it. That on March 18, 1925, petitioner needing water for her household purposes went to the well, turned on the switch and started the pump. She then started out, picking her way as carefully as she could, around the revolving cog-wheels, but the large revolving cog-wheel in some way, caught her outer garment and drew her right leg into its teeth, greatly injuring her, etc.

Defendant cites us authorities on the subject of leases, licensees, invitees, trespassers, etc., but we do not find them applicable to the situation. The plaintiff in her petition speaks of occupying a tenant house, but when all that is alleged is taken into account, it is evident that her husband was not occupying a rented house, but his occupation and habitation was that of an employee who occupies a shelter provided by his employer for the use of his employees and their families while engaged in the employer's work.

In this case it appears from the petition, taken as a whole, that the occupation was an incident of the service and the compensation which plaintiff's husband received for his work was reckoned in connection therewith.

In Prevost vs. Gheens Realty Co., 151 La. 508, 92 South. 38, it was urged that the plaintiff in that case was not engaged at the time of his injury in performing service for the defendant arising out of and incidental to his employment.

In considering that part of Act No. 20 of 1914, the court said: "They slept in the bunkhouse on the premises, their privilege of sleeping there being a part of the compensation for their work."

The habitation in the present case was similar to and within the reason of the case cited. It seems as a result of all that

is alleged on the subject, that plaintiff's husband was at work for defendant at the time she was injured, but suppose it was after work hours. In Wilson vs. Banner Lumber Co., 108 La. 580, 32 South. 460, the minor son of the plaintiff lived with her in the town of Kentwood. He was engaged in defendant's service, but his work was out in the woods some 18 miles distant from home. He went to his work in the morning and came home in the evening after work hours, in a hand car furnished by defendant for the purpose. Her son was killed after work hours, while on his way home in a collision between the hand car and a cow. It was urged that the plaintiff could not recover because her son was not engaged in defendant's work at the time he was killed and was furthermore, riding voluntarily, paying nothing for the privilege. The opinion indicates that the court regarded the privilege of coming home on the hand car after work hours as part of the service and that the service should have been discharged by defendant with proper regard for the safety of its employees.

In the present case, it is alleged that the defendant agreed and obligated itself to provide water for its employees and their families. A man's wife is of course a member of his family, C. C., Arts. 642 and 3556, No. 12. And the allegations are to the effect that getting water for household purposes was an incident of her husband's employment and that defendant provided an extremely dangerous way in which it had to be obtained.

That the wives of defendant's employees were forced to get water in the way described, otherwise their husbands would be taken from the work, in which their service required. Such being the case, it was defendant's duty to make getting water for their household purposes, reasonably safe for the wives of its employees.

The wives of defendant's employees, when getting water, were performing service for defendant. Therefore defendant should not have permitted the work to be attended by the unusual risks and dangers alleged.

It is well settled that the employer is bound to protect his servant against unusual risks and dangers, that is, other than those naturally incident to the servant's duty. This obligation extends to the premises of the employer and requires that they be kept in a condition not to menace the life and limb of the servant. Hoyle vs. Southern Athletic Club, 48 La. Ann. 883, 19 South. 937; Walker vs. Shreveport Gas, Electric Light & Power Co., 120 La. 75, 44 South. 925.

In this case, it is alleged that defendant knew of the danger, but it has been held that "Ignorant negligence, is equivalent to guilty knowledge." Miguez vs. Delcambre, 114 La. 1032, 38 South. 820; Atkins vs. Bush, 141 La. 180, 74 South. 897.

"It is well settled, that revolving cogwheels should be encased, when an employee is forced to work near them." Ballar vs. Puleston, 113 La. 239, 36 South. 951; Foreman vs. Eagle Rice Mill Co., 117 La. 227, 41 South. 555; Roff vs. Summit Lbr. Co., 119 La. 571, 44 South. 302; Rossey vs. Laurence & Hamilton, 123 La. 1053, 49 South. 704; Underwood vs. Gulf Refining Co. of La., 128 La. 968, 55 South. 641; LeBlanc vs. United Irrigation & Rice Milling Co., 129 La. 196, 55 South. 761.

Plaintiff's petition therefore states a cause of action. The exception should have been overruled. The judgment appealed from is therefore annulled, avoided and set aside; the exception of no cause of action is overruled and the case is remanded to the lower court for further proceedings as the law provides. Defendant and appellee to pay the cost of the exception in the lower court and the cost of the appeal.