## SUCCESSION OF STORY.

Where a succession, which .owes no debts, consists of property susceptible of *immediate division*, and all the heirs are present, and one of the heirs of age and the tutrix of the minor heirs oppose the appointment of any administrator, insisting on an immediate partition, and the appointment of an administrator will only produce unnecessary expense and delay, no such appointment should be made. Art. 1040 of the Civil Code which provides that, where there are several heirs, some of whom have accepted unconditionally and others claim the benefit of the term for deliberating, an inventory shall be made, and an administrator appointed to manage the effects of the succession until a partition be made among the heirs, must be considered as modified by art. 976 of the Code of Practice, which requires the appointment of an administrator only in case some of the creditors require it. *Per Curiam:* Even in case there are no debts we do not undertake to say that an administrator cannot be appointed. There may be cases in which such an appointment would be advantageous, nay necessary. to the interests of a succession; and the propriety of subjecting the succession to such a charge, must rest with the discretion of the judge, on the facts before him.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Josephs* and *Grymes*, for the appellant. L. *Peirce*, contrâ, contended that an administrator should be appointed, citing Civil Code, arts. 1030 to 1041, 1045, 1046, 1049, 1051. C. P. 974, 976. *Picou* v. *Dussuau*, 4 Rob. 413. *Self* v. *Morris*, 7 Rob. 25. The judgment of the court was pronounced by

EUSTIS, C. J. On the 25th of December last, *Benjamin Story* died in the city of New Orleans, and on the 31st of that month *Henry Clement Story*, the eldest son, applied to the Fourth District Court of New Orleans for the administration of his succession, without alleging any reason other than that he was desirous of obtaining letters of administration, the deceased having left property. The petition charges that the wife of the deceased had been for some time dead, and that the issue of the marriage was himself, *Sidney Story*, and *Mrs. Mackie*, who are of age ; and *Benjamin Story*, *Norman Story* and *Ann Eliza Story*, who are minors, and represented by their grandmother, *Mrs. Elizabeth Clement.*

On the 12th of January, *Mrs. Clement* filed her written opposition to the petition of *Henry Clement Story*, in which she states that she considers it to be her duty to oppose his application, because the law does not authorize such an administration to be granted on such a succession, where all the heirs are present; because the petition does not present any case proper for the court to grant an administration of the estate ; and because the court cannot legally grant the administration asked for, as the heirs, all present, can take the estate, and partition the same according to law, without the expense and intervention of a separate administration. A petition was filed by her on the same day for letters of tutorship of the minors, by virtue of her right as grandmother, and for a separate appraisement and inventory of the portion of the minors, in order to ascertain the amount of her suretyship. To this petition an opposition was filed by *Sidney Story*, who represents that *Mrs. Clement* is a lady of great age, and not qualified or competent to the management of so large an estate as will fall to the share of the minors in the division of their father's succession, which consists principally of real estate, and will require constant and active attention for its management and preservation during a long minority.

He prays for the appointment of a dative tutor to the minors as required by the interest of the minors, and asks that a family meeting be convened to deliberate thereon, &c.

On the 13th of January, *Mrs. Mackie* filed her opposition to the application of *Henry Clement Story*, for letters of administration, on the ground that an administration of the succession was unnecessary, and only calculated to produce great delay and expense; and she also alleged that she had instituted her suit in partition, and that she has no objection to the inventory and appraisement, asked for by *H. C. Story*, being made, but insists that the proceedings in partition go on, and to that end that they be cumulated with the proceedings for the inventory and appraisement.

These oppositions were fixed for trial; and, on the trial, the opposition of *Sidney Story* to the appointment of *Mrs. Clement* as tutrix, was discontinued; the opposition of *Mrs. Mackie* was dismissed ; and letters of administration were granted to *Henry Clement Story*. A new trial was, however, granted, on the ground that the decree was prematurely made, before the inventory was returned; and with a view to let the cause pass to the Supreme Court on its merits. On the subsequent trial, which took place on the 26th February, *Henry C. Story* was appointed administrator of the succession, and *Mrs. Mackie* has appealed.

It appears that *H. C.*, and *Sidney Story* filed an exception to the suit of *Mrs. Mackie* for a partition, on the ground of the action being premature, which was, on the day of the trial, discontinued. After the rendition of the judgment, to wit, on the 9th of March following, they join in that suit, and concur in the prayer of *Mrs. Mackie* for a partition.

The appellant asks this court to reverse the judgment of the District Court appointing the administrator, and to order the proceedings in partition according to the prayer of her petition. By the inventory the estate is estimated at $6b9,969 53, and consists of property susceptible of immediate division.

The learned judge who decided this cause considered that the law was imperative, and left him no discretion as to the appointment of an administrator, under article 1040 of the Civil Code, which provides that:

" If there be several heirs to a succession, some of which have accepted unconditionally, and others claim the benefit of the term for deliberating, the judge of the place where the succession is opened shall notwithstanding cause an inventory to be made of the effects of the succession, and shall appoint an administrator to manage them, until a partition of the same be made among the heirs."

In the case of *Bryan* v. *Atchison*, 2 Ann. R. 464, we held that the appointment of an administrator was not a matter of course, but was to be made when any of the creditors of the succession required it. The construction of the article of the Code given by the district judge, and insisted on in the argument of *Atchison's* case, brought it, we thought, in direct conflict with other articles of the Code, while that construction, on the contrary, of which we considered the 975th article of the Code of Practice as the exponent, reconciled it with other provisions of the Code and the Code of Practice on the subject of the administration of successions ; and we could adopt none other when we considered the purpose and object of the law itself, which is to secure the rights of the heirs, and the prompt payment of the debts of successions. Even in case there are no debts due by a succession, we do not undertake to say that an administrator cannot be appointed. There may be cases in which such an

SUCCESSION
OF
STORY.

appointment would be advantageous, nay necessary, to the interests of a succession; and the propriety of subjecting the succession to this charge would rest with the discretion of the judge, on the facts before him. In the case before us, the issue was directly made on the application of the appellee for letters of administration, that no necessity existed for the administration. that it would be productive only of delay in the settlement of the affairs of the succession, and of useless expense. On this issue the appellee made out no case, and the judge, as we have stated, made the appointment, as being imperatively required under the Code.

But under our views of the law as stated in *Atchison's* case, and which a consideration of this case before us has fortified, the district judge was not bound to appoint an administrator. The right of the heirs to an immediate partition cannot be questioned; it was insisted on by the appellant, and the administration, if carried out, could be little else than an impediment to the proceedings in partition.

Although the appeal is not taken in the name of the minors, their interests are involved in this controversy. Upon them falls one-half of the expense of this administration. Besides the lawful charges of the tutorship, why should they be taxed with the commissions of the administrator? And for whose benefit, and at whose instance, is this expense to be entailed upon this succession, which has been left to them unencumbered, and in a condition to be immediately divided and liquidated? The answer is found in the record. *Henry Clement Story*, their co-heir, is the sole applicant for this administration. By the inventory, the debt he owes the succession, amounts to $105,387 44. We can understand that *he* has an interest in the administration, which gives him, to a certain extent, the control of the estate; but that this interest is paramount to the great and lawful interest that the minors and co-heirs have in the speedy division and liquidation of their inheritance, no one can undertake to assert.

We concur with the appellant's counsel that, the only fruits of this administration are litigation, unnecessary expense, and useless delay, and that no case was before the judge on which he was authorized to grant it. The succession had no debts, and we are at a loss to discover any one useful object to be attained by embarrassing the succession with this unnecessary administration.

The judgment of the District Court is, therefore, reversed; and the application of *Henry Clement Story* for letters of administration of the succession of *Benjamin Story*, dismissed, with costs in both courts.