HAUGHTON
*v.*
HAUGHTON.

11   201
e111 188

## SUCCESSION OF SARGENT PRATT.

On the trial of an application for letters of administration, it is competent for the opponent to show that she was publicly acknowledged and held out to the world as the wife of the deceased; that all the property belonging to the succession was community property; that the opponent was ready to give security for the payment of all the debts of the succession, and that the creditors were willing to accept such security.

It would be competent for the court to protect the heirs by requiring the opponent, as a pre-requisite to the exercise of her rights as usufructuary of the community property, either to advance a sufficient sum to pay the debts of the deceased, or produce the consent of the creditors to her assumption of the debts, and to her furnishing security for their payment; and such assumption should be accompanied by a release of the heirs from all liability.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*Paxton* and *Durant & Hornor*, for opponent and appellant.  *Bonford*, for appellee.

LEA, J.  (MERRICK, C. J., absent.)  *Ann O'Brien*, who alleges that she is the widow of the deceased *Sargent Pratt*, is appellant from a judgment dismissing her opposition to an application for the administration of the succession of the deceased, and appointing one of the sisters of the deceased the administratrix of the same.

*Pratt* died in July, 1855.  His sister, *Margaret Pratt*, wife of *Jeremiah Collins*, alleging that he had died intestate (having never been married), applied for and

26

obtained letters of administration upon his estate, which, as it appears from the inventory, exceeded in value the sum of $23,000. On the 1st of November, 1855, the appellant alleging that she was the widow of the deceased, that his estate was free from debt, and consisted exclusively of community property, claimed to be put in possession of the entire property, as owner of one-half, in virtue of her right as surviving partner in community, and as usufructuary of the other half, in accordance with the provisions of the Act of 1844, regulating the disposition of community property.

After this application had been made, and before it had been acted upon, the administratrix obtained an order of sale of a portion of the property to pay debts, amounting to about $3500.

Further proceedings were stayed by the death of the administratrix. On the 22d November, 1855, Aphra Pratt, another sister of the deceased, applied for letters of administration, and was opposed by the appellant, who, reiterating the statements and demands set forth in her first application, alleged that there was no necessity for an administration, the succession being free from debt, and that her rights as owner of one-half, and usufructuary of the other half of the estate, were such as to entitle her to the possession of the same upon complying with the requisites of the law. She moreover claimed a preference in the appointment of an administrator, should one be deemed necessary by the court.

On the trial of the issues thus presented, the appellant offered to introduce several witnesses, who are designated in the bill of exceptions for the purpose of proving that she had been publicly proclaimed and acknowledged, and held out to the world by the deceased as his wife; that all the property belonging to the succession was community property, having been acquired since the establishment of their matrimonial domicil in Louisiana; that she was ready to give security for the payment of all the debts of the succession, and that the creditors were willing to accept such security; but the testimony thus offered was rejected, " on the ground that the same could not be heard in a contest such as that presented on the trial."

It is evident that this testimony was of a character to support the allegations contained in the opposition—to wit, that the opponent was the widow of the deceased, and that the property was all community property; and furthermore to sustain the allegation, that she was ready to assume and give security for the payment of the debts of the deceased, and that the creditors were willing to accept of the security thus offered. Whether the testimony, if it had been received, would or would not have proved the allegations, as set forth in the bill of exceptions, is not the question : for the purpose of testing the correctness of the ruling of the court, we must assume that the witnesses might have made such proof.

Had such proof been actually made, we have no hesitation in saying that the prayer of the petition should be granted. The heirs could have had no interest in provoking an administration, or a sale and perhaps a sacrifice of a portion of the property, except for the purpose of protecting themselves against liability for the debts of the deceased, or an increase of the same by the accumulation of interest. The appellant has offered to relieve them of any such liability, by assuming the debts and furnishing security, which the creditors, as she alleges, are ready and willing to accept.

It would be competent for the court to protect the heirs by requiring, as a pre-requisite to the exercise of her rights as usufructuary, that she should either

advance a sufficient sum to pay the debts of the deceased, or that she should <span style="float:right">SUCCESSION OF PRATT.</span> furnish, as she avers she can, the consent of the creditors that she shall assume and furnish security for the payment of the debts due to them; but this assumption should be accompanied with a release of the heirs from all liability.

It is ordered that the judgment appealed from be reversed, and that the case be remanded for further proceedings to be had herein, in accordance with the views expressed in this opinion, and that the costs of this appeal be paid by the appellee.