## No. 7003.

· MRS. EUPHROSINE BLAKE ET AL. VS. THE MINORS FRANK KEARNEY AND ANN ELIZA LAKE.

The existence of a succession free of debt can not be terminated, and its adminis-
tration avoided, and the jurisdiction of the probate court thereby divested, by
any agreement of the heirs to enter into possession of and divide the succession
property, when one of the heirs is a minor, represented by a dative tutor, and
one of the major heirs demands an administration.

APPEAL from the Parish Court of Iberville. *Crowell, J.*

*Barrow & Pope* for plaintiff and appellant.
*Samuel Matthews* for defendant.

The opinion of the court was delivered by

SPENCER, J. This is an action brought in the parish court of Iber-ville to partition the succession of Adeline Dupuy, Widow Fenn, among her descendants, children, grandchildren, and great grandchildren.

The minors, Frank Kearney and Ann Eliza Lake, having no tutors, Richard A. Kearney, the father, was appointed tutor *ad hoc* to his son Frank, and A. Petit tutor *ad hoc* to Ann Eliza Lake. The facts are as follows: After the death of the ancestor, Adeline Dupuy, her heirs of age and the minors (some of whom are declared to have been emanci-pated, and one of them, Ann Eliza Lake, to be under dative tutorship of said Richard A. Kearney, who assumes to represent her), entered into an agreement by private act, whereby they declare and fix their respect-ive interests in the estate, enumerate its effects in detail, and, to avoid the expenses of a judicial settlement, they, "the heirs of age and eman-cipated, and the said R. A. Kearney, assuming the entire responsibility of this act as far as it regards the interests of his ward, Eliza Ann Lake," do covenant and agree that said R. A. Kearney be constituted

the agent of said heirs, with full authority to liquidate said estate, to sell its effects, to pay its debts, and thereafter to distribute to the heirs the balance according to their several rights, etc. This agreement is dated October 24, 1874. On the same day certain of the heirs acknowledge to have received, by way of distribution, from Kearney the sum of $250, being the balance of cash on hand belonging to the estate, after paying certain debts.

Richard A. Kearney, cited in the present suit as tutor *ad hoc* for his minor son Frank, appeared and excepted to the jurisdiction of the parish court, on the ground "that the heirs of Adeline Dupuy have long since entered into possession of the property of her estate, have sold a portion thereof and partitioned among themselves a part thereof, and have done acts of heirship and ownership which show an acceptance, pure and simple, and a mingling of the patrimony, so there is no succession remaining over which this court has jurisdiction to decree a partition," etc., "the property of said estate to be partitioned exceeding $500 in value." It seems that the plaintiff, Euphrosine Blake, has caused herself to be appointed administratrix of the estate of the deceased; but the date and circumstances of her appointment are not stated. The parish judge sustained the exception and dismissed the suit, and plaintiffs appeal.

The sole questions, therefore, are, where some of the heirs are majors accepting unconditionally and some minors necessarily beneficiary, and where there are no debts, can these heirs *by agreement* enter into possession and terminate, extra judicially, the existence of an estate where one of the majors demands an administration? Will such agreement and possession defeat a subsequent administration and take the estate out of the hands of the probate court?

C. C. 1047 provides: "If there be several heirs to a succession, some of whom have accepted unconditionally, and others claim the benefit of the term for deliberating (benefit of inventory), the judge of the place where the succession is opened shall, notwithstanding, cause an inventory to be made, *    * and shall appoint an administrator to manage until a partition of the same be among the heirs."

A minor, *ex necessitate legis*, claims the benefit of inventory. The Code directs, therefore, that an administrator shall be appointed to estates in which there are minor heirs concurring with majors who accept unconditionally. The only exception to this rule we have lately had occasion to review in the case of Soye vs. Price, not yet reported. It is to the effect that *the natural tutors of minor children*, may *as such* take possession of and administer the estates of the deceased parents of such children, unless and until creditors or heirs of age demand the appointment of an administrator.

It is admitted that plaintiff, Euphrosine Blake, has demanded to be and been appointed administratrix of the estate. We do not consider the acts of the major heirs as affecting the interests of the minors who were totally without power by themselves or tutors to accept unconditionally the estate. We think the probate court has jurisdiction of the succession, which has never ceased to exist, because the minors were without power to do, extra judicially, the acts necessary to terminate it. It is now the well-settled jurisprudence of this State that where heirs of age are permitted to take possession of an estate without an administration, and to partition or dispose of its effects among themselves, the estate ceases to exist and the patrimony of the deceased is lost by confusion with that of the heir. A succession is an ideal being, a unity. It can not exist as to one heir and be extinct as to another. To terminate the existence of a succession the heirs must all be *sui juris*, and have capacity to render themselves, by their acts, unconditionally liable for the succession debts. This a minor can not do; and, therefore, no extra judicial acts or contracts of a minor can legally terminate the existence of the succession.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that the defendants' exception to the jurisdiction of the parish court be overruled, and that this cause be remanded to be proceeded with according to law, appellee paying costs of appeal.