LAND, J.
Leonie Bulliard, wife of J, O. Bourdier, died in February, 1899, leaving an estate' consisting of paraphernal property and her interest in the community.
The surviving husband remarried in 1902. On November 24, 1902, J. O. Bourdier filed his petition praying for confirmation as natural tutor of the minors William, Aline, and Samuel Bourdier, issue of his first marriage. In his petition Bourdier represented that his deceased wife left eight children, four of whom were majors, and a daughter, who had died, leaving two minor children. Bourdier was confirmed and qualified as natural tutor of the three minors. The inventory showed community property appraised at $3,917.35. At the foot of the inventory a memorandum was made by the notary, at the request of Bourdier, that at the time of tlie death of the wife the community owed $2,421.72, most of which had been settled by the said surviving husband, a more specific and detailed account of which will be given by him in future proceedings for the liquidation and settlement of the community.
On November 29, 1902, Estelle Bourdier, wife of J. C. Bienvenu, and Victor Jaeger, natural tutor of the minors Percy and Randall Jaeger, children of Louise Bourdier, filed their petition praying to be appointed joint admin *187 istrators of the succession of Leonie Bulliard. The petition alleges the minority of some of the heirs, and that there are debts due by the estate.
Jacques O. Bourdier opposed said application on the grounds that his deceased wife possessed no property save her interest in the community; that all the debts due by the community, and aggregating about $2,425, had been paid by opponent, except a small balance on a note, not yet due; that opponent would shortly present an account showing the liquidation of the affairs of said community to the end of making a full settlement with all parties in interest; and that the appointment of an administrator would be useless, and would cause unnecessary costs and delays. Opponent prayed, in the alternative, that he, as surviving spouse and partner in community, be appointed administrator by preference.
On the trial of the opposition it was shown that in June, 1885, J. O. Bourdier made a dation en paiement to his wife, Mrs. Leonie Bulliard, of certain real estate and movables, in satisfaction of her paraphernal claims, amounting to $1,070. Bourdier testified that he had paid all the debts of the community.
The district judge overruled the opposition, and appointed the applicants as joint administrators. Erom this judgment J. O. Bourdier prosecutes this appeal.
Bourdier is not an heir of his deceased wife, and by his second marriage lost the usufruct of his children’s interest in the community. If he has paid the debts of the community, he is a creditor of his wife’s estate for one-half of the sums .expended for that purpose. Hence the case presented by the record is that of a succession which owes debts, and some of the heirs are minors. As to the minor heirs, the law accepts the succession for them with benefit of inventory. Civ. Code, art. 977. The major heirs, present or represented, have the unquestioned right to accept the succession with benefit of inventory. Id. art. 1038. Such an acceptance necessarily involves an administration of a succession which owes debts. An administration is necessary when one of the májor heirs demands it or there is a minor heir. Blake v. Kearney, 30 La. Ann. 388.
“In the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and. present in the state.” Civ. Code, art. 1042-In vacant successions, the heir present or represented is preferred to the surviving husband or wife. Id. art. 1121.
In Succession of Story, 3 La. Ann. 502, there were no debts. In that case the court admitted that there may be cases in which such an appointment would be advantageous, nay necessary, to the interests of the succession, though there be no debts. While the same and other cases announce the doctrine that Civ. Code, art. 1041, is controlled by article 976, Code Prac., to the effect that, where some of the heirs claim the right of deliberating, an administrator shall be appointed, if any of the creditors of the succession shall require it, the court, in Succession of Clark, 30 La. Ann. 807, said: “The rule is that, where some of the heirs are beneficiary, and there are debts, and creditors or heirs of age demand an administration, it should be ordered;” citing a number of authorities. (Italics ours.) In Soye v. Price, 30 La. Ann. 96, the court said: “The true doctrine is this: that successions accepted under benefit of inventory should and must be administered when the creditor or heirs of age require it.”
In Succession of Sargent Pratt, 11 La. Ann. 201, the estate consisted exclusively of community property, and was alleged to be free from debt. The surviving widow opposed an administration as unnecessary, and offered to furnish security. •
In the case at bar the estate consists of paraphernal property and an undivided interest in the community, and opponent claims to be a creditor of the community for a considerable amount.
Under all the authorities an administration was proper and necessary.
Judgment affirmed.