Statement of the Case.
NICHOLLS, J.
This is an appeal from a judgment granting a demand for an administrator. The demand for an administration was made by Ira H. Knight, a nephew and legal heir- of the deceased, and was opposed by Austin D. Theriot (also a nephew and legal heir), and by Mrs. Leonide Miguez, the second wife and widow of the deceased, and several other parties. The opposition of A. D. Theriot was made upon the ground that there were no debts, and that Knight was not a proper person to he appointed as administrator, should administration be ordered. In that contingency he urged that he should himself be appointed. The opposition of the widow was predicated upon the claim that she was the surviving widow in community, and entitled to one half of the property as owner, and of the other half as usufructuary. She claimed alternatively to be entitled to $1,000 as a widow in necessitous circumstances.
There was no issue of the second marriage. Pending the appeal the widow (who was an appellant) died, and her son was made party in her place.
*28 The value of the succession was a little ■over $3,000, represented by a certificate of deposit in the New Iberia National Bank. There are about 30 heirs in the succession, some majors and others minors, living in different jurisdictions; some of them being residents of California.
The deceased was supposed, at his death, to have left a testate succession, as he had executed what was intended to be a nuncupative will by public act. The instrument was, however, rejected as such on the application made for its probate.
The judgment of the Supreme Court, affirming the judgment of the district court to that effect, is reported under the title “succession of Rosemond Theriot.” 38 South. 471, 114 La. 611.
Upon the annulment of the will Ira H. Knight (whose wife was the principal beneficiary therein) applied to be appointed administrator of the succession, averring the existence of debts and claiming to be himself a creditor for over $1,900.
On the trial of the opposition he testified that he was a creditor to that amount.
The reasons assigned by the district court for placing the succession under administration and appointing Knight as administrator are embodied in the present opinion. They were as follows:
“Ira H. Knight applies for the administration of the estate of Rosemond Theriot, his uncle. The application is opposed by some of the heirs, blit mainly by Austin B. Theriot, a nephew, and Mrs. Leonide Miguez, the widow of the deceased, claiming no necessity for the administration, and in the alternative claiming preference. The deceased left no descendants nor ascendants, leaving only collateral heirs, ail his nephews and nieces, numbering 32, some of whom are minors. The estate is composed of over $3,000, as shown by the inventory on file therein.
“The facts are: That there are major and minor heirs, some of whom reside out of the state of Louisiana, and most of them out of the jurisdiction of this court. That there are debts due by the estate, among which are claims disputed by some of these heirs and involving litigation, such as the attorney’s fees, the claim of Ira H. Knight, amounting to $1,900 and that of the surviving widow for $1,000, which she claims in the alternative. Some of these heirs, Ira H. Knight and others, have accepted the estate under benefit of inventory, and demand an administration, and some, Austin D. Theriot and others, accept it purely and simply.
“In view of these facts, and of the further fact that these numerous heirs cannot agree on an amicable settlement of the estate between them, due to bad blood existing between them, and other causes, which, if left without administration, would never be settled, would drag indefinitely and involve much litigation, I think an administration is necessary. Succession of Bulliard, 111 La. 186, 35 South. 508; Succession of Romero, 42 La. Ann. 894, 8 South. 632; Succession of Chaler, 39 La. Ann. 308, 1 South. 820; Fenner v. Succession of McCan, 49 La. Ann. 600, 21 South. 768; Succession of Story, 3 La. Ann. 502.
“In the ease of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and .present in the state. Oiv. Code, art. 1042. The nephew is entitled to the appointment over the surviving wife.
“The applicant, Knight, is a creditor of the estate. He accepted the estate under benefit of inventory. He is fully capable and able, morally, socially, financially, and otherwise, to administer the estate. He is well acquainted with the affairs of the deceased, -who resided with him for over 10 years and up to the time of his death, and he stood closer to the deceased, both as to affection and protection, than any other heir, and for these reasons, coupled with others, he is entitled to the appointment over A. D. Theriot and Leonide. Miguez; and it is so ordered.”
Opinion.
We have examined the evidence in the record with care, and we find no ground for reversing the judgment appealed from.
The question as to whether a succession should be placed under administration or not is to a very considerable extent submitted to the sound discretion of the trial judge, exercised for the benefit of all parties in interest, and especially for the protection of parties advancing claims against the succession. Litigation in this succession is very clearly foreshadowed, based upon a denial of the rights (or the extent of the rights) of the son of Theriot’s widow by her first marriage, and a denial of the claim made by Ira Knight that he is a creditor. Appellants deny already the latter claim, and its *30 ■existence will have to be tested contradictorily with all parties. The claimants should not be driven to personal, actions against the different heirs; some of them living in other states. They are entitled to have their •claims tested as economically and as quickly as the occasion will permit in one single suit, and in Louisiana. The fact that these rights may not as yet be recognized or established proves nothing as against their actual existence. Appellants have pleaded in this ■court, as against the claim of Knight, the prescription of one year; but this plea cannot be passed upon at the present stage •of the case. The claim has not as yet been declared upon. Its existence is advanced only collaterally or incidentally as a basis upon which to rest a right to have the succession placed under administration, and to entitle applicant to a right of preference.
We do not find that the district court has exercised improperly the discretion vested in it as to the choice of the administrator.
We are satisfied, under the evidence adduced, that it was in point of fact the wish and desire of the deceased to have the money represented by the certificate of deposit pass to the legatees named in the noncupative will attempted to be made by him and as specified therein, though that wish failed to have legal effect for want of legal requirements as to the mode in which that wish should be made known. The amount would evidently have been given to the legatees before Theriot’s death as a manual gift, but for the hope he entertained that he might recover, in which event, by such a gift, he would have dispossessed himself irrevocably of all his property.
We find no evidence of wrongdoing on the part of Knight or of his wife with reference to the certificate of deposit or to Theriot’s will. Knight and his wife were clearly the relatives and connections to whom the deceased was most closely attached. He had made his home with them for many years, and had received from them care and attention which, perhaps, the others might have been willing to give, but certainly did not give.
The judgment appealed from is affirmed.