(62 South. 487.)

No. 19,671.

Succession of HELMKE.

(June 9, 1913.)

*(Syllabus by the Court.)*

1. EXECUTORS AND ADMINISTRATORS (§ 20*)— CREDITOR'S APPLICATION FOR ADMINISTRATION—PROOF OF CLAIM.

It is not necessary that one who claims the necessity of an administration of a succession should make full proof of his claim as a creditor; a prima facie case is sufficient. Succession of Sarrazin, 34 La. Ann. 1168; Succession of Theriot, 116 La. 25, 40 South. 519.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 83–105; Dec. Dig. § 20.*]

2. EXECUTORS AND ADMINISTRATORS (§ 3*)— CREDITOR'S APPLICATION FOR ADMINISTRATION—DISCRETION.

The question as to whether a succession shall be placed under administration is, to a very considerable extent, submitted to the sound discretion of the trial judge, to be exercised for the benefit of all parties in interest, and especially for the benefit of parties advancing claims against the succession. Succession of Theriot, 116 La. 25, 40 South. 519; Succession of Story, 3 La. Ann. 502; Succession of Romero, 42 La. Ann. 894, 8 South. 632.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1, 3–14½, 1782; Dec. Dig. § 3.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Application for administration of the succession of Bernard William Helmke. From an order appointing an administrator, the undertutor of minor heirs appeals. Affirmed.

Sidney F. Gautier, of New Orleans, for appellant. K. V. Richard, of New Orleans, for appellee widow. Charles F. Claiborne, of New Orleans, for appellee Helmke.

SOMMERVILLE, J. The widow of the deceased made application to be appointed administratrix of his succession; and her application was opposed by a major son, of a former marriage, who asked that letters of administration issue to him. The widow afterwards qualified as natural tutrix of her minor children. Thereafter the undertutor opposed the applications of the tutrix and of the major heir on the ground that the succession owed no debts, and that an administration was unnecessary. The tutrix withdrew her application for the appointment as administratrix, and joined the undertutor, alleging that she had erred in her former petition in stating that there were debts and that an administration was necessary. On the trial, there was judgment in favor of the major heir, appointing him administrator of the succession of his father's succession, and the undertutor of the minors has appealed.

On the trial the major heir and applicant for letters of administration made a prima facie showing of debts due to him and his coheirs, as well as to another person, which goes to show that an administration of this estate is necessary.

The inventory in the record shows that the deceased was owner of two mortgage notes, which may require judicial proceedings to collect, and that there was a certain amount due him for salary.

The record further shows that there are two sets of heirs; the second set being

minors. The Civil Code provides (article 1047):

"If there be several heirs to a succession, some of whom have accepted unconditionally, and others claim the benefit of the term for deliberating, the judge of the place where the succession is opened shall, notwithstanding, cause an inventory to be made of the effects of the succession, and shall appoint an administrator to manage them, until a partition of the same may be made among the heirs."

And the Code of Practice, art. 976, provides:

"During the time allowed for making the inventory and for deliberating, the judge shall appoint an administrator to retain the property, if any of the creditors of the succession shall require it, and in making such appointment he shall prefer the beneficiary heir," etc.

One of the major heirs, all of whom claim to be creditors of the deceased, is before the court asking that an administration of the succession be had.

[1] This claimant has made a prima facie showing that there are debts, in the opinion of the trial judge; and we see no reason to differ from him in his conclusion.

[2] In the Succession of Theriot, 116 La. 25, 40 South. 519, we say:

"The question as to whether a succession should be placed under administration or not is to a very considerable extent submitted to the sound discretion of the trial judge, exercised for the benefit of all parties in interest, and especially for the protection of parties advancing claims against the succession. Litigation in this succession is very clearly foreshadowed, based upon a denial of the rights (or the extent of the rights) of the son of Theriot's widow by her first marriage, and a denial of the claim made by Ira Knight that he is a creditor. Appellants deny already the latter claim, and its existence will have to be tested contradictorily with all parties. The claimants should not be driven to personal actions against the different heirs; some of them living in other states. They are entitled to have their claims tested as economically and as quickly as the occasion will permit in one single suit, and in Louisiana." Succession of Story, 3 La. Ann. 502.

The heir in this case, who is applying for letters of administration, is joined by his coheirs of the first marriage, claiming that their father was largely indebted to them for property inherited by them from their moth-er, which claim is disputed by the widow of the second marriage. This claim has not been passed upon, and it cannot be disposed of in this proceeding. There is evidence also of other indebtedness.

We are not disposed to interfere with the discretion of the district judge in this case, where there are heirs of different marriages, some of whom are minors, and where there appear to be debts due by and to the succession. Succession of Romero, 42 La. Ann. 894, 8 South. 632; Soye v. Price, 30 La. Ann. 93; Blake v. Kearney, 30 La. Ann. 388.

Judgment affirmed.