HAWTHORNE, Justice.
Francis Alvin Perot died intestate in Natchitoches Parish in 1949. His brother, Lynn J. Perot, applied for letters of administration and qualified by taking the oath and giving bond. To a provisional account filed by him as administrator an opposition was filed by Mrs. Jeanne Frances Perot Bracken, only child of the deceased, a non-resident of the State of Louisiana. This opposition was sustained as to all items on the provisional account except those ordering the payment of the costs of administration — that is, the administrator’s fees, court costs, legal advertisement, appraiser’s fees, and attorney’s fees for the administrator. From this judgment only the opponent has appealed.
Appellant takes the position that the lower court erred in ordering the payment of the costs of administration for the reasons (1) that the appointment of an administrator was unnecessary because the succession owed no debts, and (2) that the appointment of the administrator was invalid because no attorney at law was appointed to represent her, an absent heir, pursuant to the provisions of Article 1210 of the LSA-Civil Code.
The questions as to whether a succession should be placed under administration is, to a considerable extent, within the sound discretion of the trial judge.. We do not think that the judge in the instant case abused his discretion in appointing the administrator, particularly in view of the *415 fact that the administrator, Lynn J. Perot, in his application claimed to be a creditor of the succession of his brother, and the validity of his claims had to be established contradictorily with all parties. See Succession of Theriot, 116 La. 25, 40 So. 519; Succession of Helmke, 133 La. 93, 62 So. 487.
Moreover, the opponent’s attack on this administration was not made for more than a year after the administrator’s appointment. His appointment was regularly made by a competent court, no opposition was made to it, and he had partially administered the estate and filed a provisional account. This court views with disfavor such delayed attacks. See Succession of Herron, 32 La.Ann. 835; Succession of Scott, 41 La.Ann. 668, 6 So. 792.
The fact that no attorney at law was appointed to represent the absent heir does not, of itself, affect the validity of the administrator’s appointment. In the case of Heirs of Herriman v. Janney, 31 La.Ann. 276, this court said: “But this failure [to appoint an attorney for absent heirs] did not affect the validity of the appointment of the administrator, however it might affect his subsequent acts in which it was necessary to make the heirs parties through the attorney of absent heirs. * * * ” See also Succession of Kellogg, 51 La.Ann. 1304, 26 So. 262.
Appellant also contends that the administrator should not be allowed a commission because he was guilty of willful default or negligence in administering the succession, but we do not think that appellant has adduced sufficient proof to establish that the administrator was guilty of willful default or negligence so as to deprive him of his commission.
We are therefore of the opinion that the reasons urged by the appellant for disallowing the costs of administration in the instant case are not sufficient grounds for a reversal of the judgment of the lower court which approved the payment of these costs.
In brief appellant contends that the lower court should have ordered the administrator to render to her a complete and full account of his administration, and argues that he has not accounted for certain assets of the succession. She prevailed completely in these proceedings and was successful in eliminating all charges on the account except the costs of administration, which were ordered paid. As we have already pointed out, the lower court properly ordered the payment of these costs. If the administrator has spent funds of the succession for his own use and benefit, as the appellant now suspects, and converted the assets of the succession to his own use, the judgment rendered herein will not prejudice her right to prove these facta in a proper proceeding against the administrator and the surety on his bond. v
For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.