88 So.2d 14

Succession of Vassey **ALSTOCK.**

No. 42190.

May 7, 1956.

Gahagan & Gahagan, Natchitoches, for opponent-appellant.

Watson & Williams, by Arthur C. Watson, Natchitoches, for appellee.

SIMON, Justice.

The decedent, Vassey Alstock, died intestate at his domicile in the Parish of Natchitoches, Louisiana, on March 19, 1950. On September 12, 1953, his surviving widow, Lucy Alstock, filed a petition alleging the existence of privileged and ordinary debts due by the estate and prayed that an inventory be taken of the real and personal property left by decedent, and that she be appointed administratrix of the succession. She alleged that the decedent left no ascendants or descendants, being survived by his widow and collateral relations as his sole and only heirs at law.

Oppositions were filed to said application, and upon trial had on the issues thus raised, the court below rendered judgment recognizing and appointing the surviving widow administratrix of this succession, from which judgment opponent, Ravie Alstock, alone has appealed. Two other opponents, Lorene Allstork (Alstock) and Lisso Hamilton, have not appealed from said judgment.

The record discloses that decedent obtained a patent from the U. S. Government on 80 acres of land situated in the Parish of Natchitoches. The record is not clear as to the date title became vested in the decedent. Decedent married Lucy Alstock on December 21, 1906, and they lived and resided on said property until the time of his death. In 1940 they built a house on this 80 acres of land with community funds, which house is worth about $1,250. Forty acres of the land was fenced with community funds.

By order of court an inventory was duly taken and filed and shows decedent's estate to consist solely of the said 80 acres of land with improvements thereon, valued and appraised at the sum of $2,400.00.

Petitioner contends that as the surviving widow she is an heir at law to the community interest left by the decedent, and that his separate estate, if any is shown to exist, is indebted to the community for improvements placed thereon.

Decedent's surviving brother, Ravie Alstock, opponent, contends that the property left by decedent was separate property and that no debts were due by his estate, and, therefore, no administration thereof was necessary. In the alternative, he contends that should the court appoint an administrator that he be named to said office.

■ The record reveals that by authentic deed dated December 17, 1953, five days prior to the filing of his opposition, Ravie Alstock sold and disposed of all of his right, title and interest in and to the property comprising the estate of decedent, for a cash consideration of $50, to Russell Gahagan, attorney for opponent, and one, B. B. Wilkie. It follows that because of this sale the opponent, Ravie Alstock, has no pecuniary interest in this succession and is, therefore, without any standing to interfere with the management and settlement thereof or to oppose the appointment of one who

seeks the office of administrator. It is significant that opponent's opposition was filed in his name through his attorney, the joint purchaser of his interest in said succession, after opponent had disposed of his interest therein and had become thereby a total stranger in the settlement of the succession. We deem it unconscionable for the attorney of this opponent to purchase the right, title and interest of his client and thereafter file an opposition in the name of said client. Under these circumstances it would have been idle on the part of the court below to have recognized the opposition of Ravie Alstock or to have heard testimony presented in support thereof.

■ Throughout our jurisprudence is the well-accepted principle that one without a pecuniary interest has no judicial standing to interfere with the administration of a succession. This principle is founded upon simple, plain common-sense; it is formulated in Article 15 of our Code of Practice, which provides that "An action can only be brought by one having a real and actual interest which he pursues, * * *." See Succession of Williams, 107 La. 610, 32 So. 65; Quaker Realty Co. v. Labasso, 131 La. 996, 60 So. 661; Waterhouse v. Star Land Co., Ltd., 139 La. 177, 71 So. 358; Succession of Feitel, 187 La. 596, 175 So. 72.

Were this principle not applicable in the instant case, we would rightfully assume that the trial judge in appointing the surviving widow as administratrix was influenced by the uncontradicted evidence that opponent is notoriously known to be mentally incompetent, as well as proof of the fact that he is totally illiterate, unable to read or write.

■ The question as to whether or not a succession should be placed under administration is, to a very considerable extent, submitted to the sound discretion of the trial judge, exercised for the benefit of all parties in interest, and especially for the protection of parties advancing claims against the succession. Community claims herein asserted against the alleged separate property, standing alone, as well as the rights of a surviving widow in necessitous circumstances, are clearly foreshadowed, the testing of which would more quickly and economically be settled between claimants under an administration. Succession of Story, 3 La. Ann. 502; Succession of Perot, 223 La. 412, 65 So.2d 895

■ We do not find that the district court has improperly exercised the discretion vested in it as to the necessity of an administration of this succession; and we find no error as to the choice and appointment of the administratrix herein.

Accordingly, for the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.