WICKER, Judge.
This appeal arises from a suit filed in Second Parish Court on behalf of plaintiff/appellee, Hebert’s General Bonding, Inc. d/b/a Gerald Hebert (Hebert), against defendant/appellant, Bernadette Marcello Brugier (Brugier) as sole heir of her father’s succession, for debts allegedly arising from the decedent’s business. Brugier was sued personally for the decedent’s debts on the basis she had unconditionally accepted the succession and was placed in possession of her deceased father’s bonding company. Hebert sued Brugier on the basis of a contract executed between Hebert and the decedent. Brugier was not a party to the agreement. The trial judge denied Brugier’s exceptions of no cause of action, no right of action and lack of subject matter jurisdiction. He heard the merits of the case and granted judgment in Hebert’s favor in the amount of $2,442.91, interest, and costs. Both parties have appealed. We annul the judgment and dismiss the case for lack of subject matter jurisdiction.
Brugier specifies the following errors on appeal:
1. The trial court erred in not finding that the sub-agent’s contract and indemnity agreement was a personal services contract which terminated upon the death of her father;
2. The trial court erred in denying the exception of lack of jurisdiction in accepting jurisdiction of a matter involving succession;
3. The court erred in awarding a judgment under a contract where an indispensable party was not included in the lawsuit, and
4. The court erred in denying the exception of no cause or right of action by *901 failing to recognize the agreement as one of partnership.
Hebert specifies the following error on appeal:
The trial court committed reversible error in awarding plaintiff only fifty percent (50%) of the expenses he incurred in avoiding a bond forfeiture when the contract expressly provided for one hundred percent (100%) reimbursement for such expenses.
At the outset we note that Brugier’s exceptions of no right of action and no cause of action are actually exceptions to the subject matter jurisdiction of Second Parish Court in handling partnership liquidation matters. La.R.S. 13:1444(5).
We pretermit discussion of whether the current proceeding is a liquidation matter and Brugier’s remaining specifications of error since we conclude Second Parish Court lacked subject matter jurisdiction of this succession proceeding. La.R.S. 13:1444 lists limitations to the jurisdiction of parish courts. It provides in pertinent part that “a parish court has no jurisdiction in [a] succession [proceeding.” The limitations in La.R.S. 13:1444 are based upon a general rephrasing- of the constitutional grant provided in Article 5, Section 16(A) of the Constitution of 1974 which states in part:
Original Jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction ... of cases involving ... probate and succession matters ... [emphasis added].
The subject matter of this suit is the right of a creditor to personally sue the heir of a succession for debts allegedly arising from a contract between the decedent and creditor. This is not a suit against a party to the alleged contract.
La. Civ. Code art. 1423 provides for personal liability of an heir accepting a succession without benefit of inventory; however, the legislature enacted a later provision in 1986 providing a presumption the succession is accepted under benefit of inventory when a descriptive list is executed. La.R.S. 9:1421. The statute provides:
Notwithstanding any provision in the law to the contrary, including but not limited to Civil Code Articles 976 through 1013 and Civil Code Articles 1415 through 1466, every successor is presumed and is deemed to have accepted a succession under benefit of inventory even though the acceptance is unconditional, and where an inventory or descriptive list has been executed. In such case, every heir or legatee, whether particular or under universal title, shall not in any manner become personally liable for any debt or obligation of the decedent or his estate, except to the extent and value or amount of his inheritance; however, any such heir or legatee may, in the petition for possession or by a separate instrument in writing, personally obligate himself for any or all of such debts or obligations, [emphasis added].
The petition for possession and the judgment of possession were introduced into evidence. The petition states Brugier “accepts the succession of decedent unconditionally.” Brugier filed a sworn descriptive list in the succession proceeding. Thus, there is a presumption she accepted under benefit of inventory. La.R.S. 9:1421.
The subject matter of this suit is an integral part of succession matters for which the Second Parish Court lacks jurisdiction. Furthermore, a court having jurisdiction over succession proceedings has not made a determination of whether the presumption of La.R.S. 9:1421 has been rebutted so as to make Brugier personally liable.
Accordingly, for the reasons stated the Second Parish Court has no jurisdiction over the subject matter of this case. The Second Parish Court judgment is therefore void pursuant to La.C.Civ.P. art. 3. The judgment appealed from is annulled and rendered to be of no effect. Plaintiffs suit is dismissed for lack of subject matter jurisdiction. Costs of this appeal are cast against plaintiff/appellee.
*902 JUDGMENT ANNULLED; CASE DISMISSED.